IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DARRELL BERNARD BILLINGSLEA, §
       Petitioner, §
        §
        §
v. §     No. 3:25-cv-01557-X-BT
        §
DIRECTOR, TDCJ-CID, §
       Respondent. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Darrell Bernard Billingslea, a Texas prisoner, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2009 murder conviction. *See* Pet. (ECF No. 3); Amend. Pet. (ECF No. 20); Sec. Amend. Pet. (ECF No. 22). For the reasons below, the District Judge should dismiss Petitioner's habeas application without prejudice as barred by a sanction order issued by the United States Court of Appeals for the Fifth Circuit, or, alternatively, as an unauthorized successive petition.

**Background**

In 2009, after pleading guilty, Petitioner was convicted of second-degree murder in Dallas County and received a fifty-year sentence. *See State v. Billingslea*, No. F-08-50283-K (Crim. Dist. Ct. No. 4, Dallas Cnty., Tex. July 28, 2009).

Petitioner has since filed several habeas applications in federal court challenging his 2009 murder conviction. Petitioner's initial § 2254 habeas application was denied as barred by the statute of limitations. *See Billingslea v. Dir., TDCJ-CID.*, 2022 WL 3021150 (N.D. Tex. June 16, 2022) (Ramirez, J.), *rec.*

*accepted* 2022 WL 3019793 (N.D. Tex. July 29, 2022) (Lindsay, J.). Petitioner then filed a motion under Federal Rule of Civil Procedure 60(b) in that action, which was construed as a successive habeas petition and transferred to the United States Court of Appeals for the Fifth Circuit. *See Billingslea v. Dir., TDCJ-CID*, 2022 WL 17852656 (N.D. Tex. Dec. 1, 2022) (Ramirez, J.), *rec. accepted*, 2022 WL 17853216 (N.D. Tex. Dec. 22, 2022) (Lindsay, J.).

And the Fifth Circuit denied Petitioner leave to file a successive petition, warning him "that the filing of frivolous, repetitive, or abusive attempts to challenge his conviction will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction." *In re Billingslea*, No. 23-10538 (5th Cir. July 17, 2023) (per curiam).

A few months later, in a separate case in which Petitioner again unsuccessfully sought leave to file a successive petition, the United States Court of Appeals for the Fifth Circuit imposed a $100 monetary sanction against him for his continued filing of repetitive and groundless challenges to his conviction and barred him from filing any challenges to his 2009 murder conviction in a court in the Fifth Circuit until the sanction was paid or he obtained leave of the court in which he sought to file such challenge. *In re Darrell Billingslea*, No. 23-10812 (5th Cir. Sept. 28, 2023). The Fifth Circuit's docket sheet reflects that Petitioner has not paid the sanction fee.

Even so, Petitioner filed another § 2254 petition challenging his 2009

2

murder conviction in this Court in 2024, which was denied as a successive petition. *See Billingslea v. Dir., TDCJ-CID*, 2024 WL 4309482, at *1-2 (N.D. Tex. Aug. 9, 2024) (Horan, J.), *rec. accepted* 2024 WL 4314981 (N.D. Tex. Sept. 26, 2024) (Fitzwater, J.).

And most recently, on October 22, 2024, Petitioner filed the instant § 2254 petition in the Southern District of Texas, again challenging his 2009 murder conviction. *See* Pet. (ECF No. 1). The Southern District of Texas transferred the case here, and Petitioner subsequently filed two amended habeas petitions without leave of Court, each challenging his 2009 murder conviction. Amend. Pet. (ECF No. 20); Sec. Amend. Pet. (ECF No. 22).[1]

## Analysis

1. <u>The District Judge should dismiss this case because Petitioner has not complied with the Fifth Circuit's sanction order.</u>

The Fifth Circuit barred Petitioner from further challenges to his 2009 murder conviction in any court subject to its jurisdiction unless Petitioner either paid the $100 sanction fee or obtained leave of the court in which he sought to file such a challenge. *See In re Darrell Billingslea*, No. 23-10812 (5th Cir. Sept. 28,

---

[1] Though all three petitions challenge Petitioner's 2009 murder conviction, the Amended Petition (ECF No. 20) is the operative pleading because Petitioner did not obtain leave of Court to file a second amended petition. *See* Fed. R. Civ. P. 15(a) (noting that a party may amend its pleading only once as a matter of course before service on the opposing party); *Anthony v. Director, TDCJ-CID*, 2024 WL 2853284, at *1 , n.2 (N.D. Tex. Mar. 25, 2024) (Rutherford, J.) (noting that amended habeas petition supersedes the original), *rec. accepted* 2024 WL 2854269 (N.D. Tex. June 5, 2024) (Lindsay, J.).

2023). This Court is bound by the Fifth Circuit's sanction order. *See, e.g., Miller v. Bustos*, 2020 WL 2569363, at \*2 (E.D. Tex. May 21, 2020) ("This Court is bound by sanctions imposed by the United States Court of Appeals for the Fifth Circuit and honors sanctions imposed by other federal district courts in the State of Texas.").

Here, Petitioner again challenges his 2009 murder conviction, but he has not complied with the Fifth Circuit's sanction order. The docket sheet in No. 23-10812 shows that Petitioner did not pay the sanction fee. And Petitioner did not obtain leave of court from either the Southern District of Texas or this Court before filing this case. Accordingly, he is barred from filing this case, and the District Judge should dismiss it without prejudice.

2. <u>Alternatively, the District Judge should dismiss Petitioner's habeas application as successive.</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances in which a state prisoner may file a second or successive application for habeas relief in federal court. Before a second or successive application permitted by AEDPA may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If a pending petition qualifies as a successive writ application, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is considered successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). If a claim in a second or successive petition was presented in a previous petition, it must be dismissed. 28 U.S.C. § 2244(b)(1). If a claim in a second or successive petition was not presented in a previous petition, it must be dismissed unless the petitioner satisfies the following standard:

> (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
>
> (B)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Petitioner's habeas application challenging his 2009 conviction and sentence meet the second-or-successive criteria. *See Crone v. Cockrell*, 324 F.3d 833, 837-38 (5th Cir. 2003). To the extent that his petition re-urges claims dismissed in his earlier federal proceedings, his claims must be dismissed under 28 U.S.C. § 2244(b)(1). To the extent that he argues that he brings new claims that could not have been previously discovered, this Court lacks jurisdiction over his

claims because he has not directed the Court's attention to any order from the Fifth Circuit authorizing the filing of his petition. Therefore, even assuming that Petitioner could satisfy the strict standards in 28 U.S.C. § 2244(b)(2) for new claims, this Court would lack jurisdiction over the claims. *See* 28 U.S.C. § 2244(b)(3)(A); *Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012).

In sum, the Fifth Circuit's sanction order prohibits Petitioner from bringing this case, but even if it did not, the case should still be dismissed because Petitioner's habeas application is successive.

## Recommendation

The District Judge should dismiss petitioner Darrell Bernard Billingslea's application for a writ of habeas corpus under 28 U.S.C. § 2254 without prejudice as barred by the Fifth Circuit's sanction order in *In re Billingslea*, No. 23-10812 (5th Cir. Sep. 28, 2023), or, alternatively, as an unauthorized successive petition.

SO RECOMMENDED.

April 30, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.